UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:25-CR-00083-CHB-CHL-1

UNITED STATES OF AMERICA,                                           Plaintiff,

v.

MARK FOSTER, JR.,                                                   Defendant.

## REPORT AND RECOMMENDATION

Before the undersigned is the Motion for Psychiatric Exam/Treatment and Motion for Hearing to Determine Mental Competency filed by Defendant Mark Foster, Jr. ("Defendant"). (DN 23.) District Judge Claria Horn Boom referred this Motion to the undersigned for a hearing, if necessary, and for findings of fact, conclusions of law, and recommendation. (DN 24.) For the following reasons, the undersigned **RECOMMENDS** that Defendant's Motion (DN 23) be **GRANTED**.

**I.   FINDINGS OF FACT**

On May 13, 2025, the Court held an initial appearance in this matter via video conference. (DN 11.) Foster stated that he intended to retain counsel. The Court then scheduled an arraignment and detention hearing for Defendant for May 16, 2025. (*Id.*) However, on the date of the in-person arraignment and detention hearing, no counsel was present for Defendant, so the undersigned proceeded with a determination of indigency. (DN 15.) During this proceeding, the undersigned questioned Defendant, under oath, regarding his ability to afford counsel. (*Id.*) When the undersigned asked Defendant if any individuals owed him money, Defendant pointed in the direction of some federal agents and claimed he was "just being honest." In the moment this seemed to be a moment of levity, but future developments indicate that it may have evidenced

confusion on Defendant's part. At the conclusion of the proceeding, the undersigned found Defendant eligible for appointed counsel, and appointed the Western Kentucky Federal Community Defender to represent him. (*Id.*) The undersigned then set this matter for an arraignment and detention hearing for May 19, 2025. (*Id.*) However, on the day of the arraignment and detention hearing, the Court was informed by staff at the Oldham County Detention Center that Defendant was disoriented and combative, and that they did not believe they could safely transport him to Court. (DN 17.) The undersigned thus continued the arraignment and detention hearing to May 22, 2025. (*Id.*)

On May 22, 2025, Oldham County Detention Center staff once again informed the Court that it was not advisable to transport Defendant to Court for the hearing. (DN 18.) Nevertheless, the undersigned spoke with counsel on the record. The undersigned explained that Defendant had experienced some difficulties at the Oldham County Detention Center, and that the undersigned did not want to compromise either Defendant's constitutional rights or his physical well-being by compelling him to come to Court during a mental health crisis. Attorney Angela Rea advised the Court that she had also attempted to communicate with Defendant but faced significant difficulties in doing so. In particular, she explained that the staff at Oldham County Detention Center were concerned about Defendant's mental health. She also stated that she believed Defendant could not meaningfully communicate with the Court, comprehend Court proceedings, or be brought to Court without risking being injured or injuring others. The undersigned explained that the impression he received from the staff at Oldham County Detention Center was that Defendant was facing severe mental health issues that impacted his ability to cooperate in Court proceedings and was not being purposefully disruptive. The undersigned thus continued the arraignment to the following day, May 23, 2025. (*Id.*)

On May 23, 2025, the Court conducted Defendant's arraignment via video. (DN 19.) During the arraignment, Defendant repeatedly interrupted the proceeding with profanity and incoherent rambling. The undersigned advised Defendant to be patient throughout the proceeding. Defendant then shouted, "I'm not locked up," to which the undersigned responded that Defendant was in the custody of the Oldham County Jail and asked him to be silent during the proceeding. Later, Defendant once again interrupted the proceeding with unintelligible, incoherent shouting. The undersigned attempted to calm and reassure Defendant, but Defendant persisted in interrupting the proceeding. The undersigned advised Defendant that he needed to be cooperative so that he could be advised of his rights. Defendant then implied he felt like he would die soon. The undersigned told Defendant if he felt he needed medical attention, he could seek help from a correctional officer, to which Defendant answered that the correctional officers were his enemies. Defendant's incoherent rambling continued.

The Court scheduled a detention hearing for May 29, 2025. (DN 19.) However, the Court once again discovered Defendant could not be transported to Court. Staff at the Oldham County Detention Center informed the Court that he was either detoxing, facing mental health issues, or both. Accordingly, counsel for Defendant filed the Unopposed Motion to Continue Detention Hearing (DN 22), and the present Motion for Psychiatric Exam. (DN 23.) Counsel for Defendant is requesting that the Court order Defendant committed to the custody of the Attorney General and direct a licensed or certified psychiatrist or psychologist to conduct a psychiatric or psychological examination of Defendant pursuant to 18 U.S.C. §§ 4241, 4247.

## II.    CONCLUSIONS OF LAW

"A criminal defendant may not be tried unless he is competent." *Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012) (quoting *Godinez v. Moran*, 509 U.S. 389, 396 (1993)). A

3

defendant is competent if he "has: (1) sufficient present ability to consult with a lawyer with a reasonable degree of rational understanding; and (2) a rational and factual understanding of the proceedings against him." *Id.*; *see also* 18 U.S.C. § 4241(d) (requiring a court to commit a defendant to the custody of the Attorney General if it finds, after a hearing "by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.").

There are "no fixed or immutable signs" of incompetency. *Cowans v. Bagley*, 639 F.3d 241, 247 (6th Cir. 2011) (citing *Drope v. Missouri*, 420 U.S. 162, 180 (1975)). Courts ordinarily consider any evidence of irrational behavior by the defendant, his demeanor in court, his prior medical history, and medical opinions on his competency. *Franklin*, 695 F.3d at 447 (citing *Drope*, 420 U.S. at 180). A court that receives two competing expert opinions may credit and value one over the other. *See, e.g.*, *United States v. Branham*, 97 F.3d 835, 854–55 (6th Cir. 1996). Competency decisions are made "by a preponderance of the evidence."[1] 18 U.S.C. § 4241(d).

At any time after the Government begins prosecuting a defendant, either the defendant or an attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. 18 U.S.C. § 4241(a). If the court finds reasonable cause to believe that the defendant is suffering from a mental defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, then the court shall either grant a motion to conduct a hearing or order such a hearing on its own motion. *Id.* Prior to the hearing, the court may order a

---

[1] Who bears the burden of proof is unsettled in this circuit. *See United States v. Whittington*, 586 F.3d 613, 617–18 (8th Cir. 2009) (surveying split among other circuits). Regardless, the issue is immaterial unless both sides' cases are equally strong. *Medina v. California*, 505 U.S. 437, 449 (1992).

psychiatric or psychological examination of the defendant. 18 U.S.C. § 4241(b). The court may also order a psychiatric or psychological report to be filed with the court pursuant to 18 U.S.C. § 4247(b)-(c).

Here, the undersigned's first-hand observation of Defendant, information from the Oldham County Detention Center, and the difficulties the Federal Defender's Office has had in communicating with Defendant, have all provided the undersigned with grounds to find reasonable cause to believe Defendant suffers from a mental defect impacting his competence to understand the nature and consequences of the proceedings against him. *Drope*, 420 U.S. at 180 (holding that evidence of a defendant's irrational behavior is relevant to determine whether the Court should inquire into his or her competence). Accordingly, the undersigned will recommend the Court order a psychological examination of Defendant and conduct a hearing to determine Defendant's mental competency.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that:

(1)    Defendant's Motion for Psychiatric Exam/Treatment, Motion for Hearing to Determine Mental Competency (DN 23) be **GRANTED**.

(2)    Defendant be committed to the custody of the Attorney General for a period **not to exceed thirty days** for placement in a suitable facility for psychiatric or psychological examination.

(3)    The Court direct the Attorney General to cause a licensed or certified psychiatrist or psychologist to conduct a psychiatric or psychological examination of Defendant to determine whether he was competent at the time of the alleged offenses and is currently competent to understand the proceedings and to assist in his own defense.

(4) Said licensed or certified psychiatrist or psychologist be ordered to prepare and file with the Court, Defense counsel, and the Government, a written report that includes the following information pursuant to 18 U.S.C. § 4247(c):

    a) Defendant's history and present symptoms, if any;

    b) A description of the psychiatric, psychological, and medical tests that were employed, and their results;

    c) The examiner's findings;

    d) The examiner's opinions as to diagnosis and prognosis;

    e) An opinion as to whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense;

    f) An opinion as to whether Defendant was suffering from a mental disease or defect rendering him mentally incompetent at the time of the alleged offenses; and

    g) Any recommendation as to how the mental condition of Defendant should affect sentencing should Defendant be convicted.

(5) The competency evaluation be restricted to addressing the question of whether Defendant was mentally incompetent at the time of the alleged offense or is currently suffering from a mental disease or defect rendering him mentally incompetent to stand trial to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(6) The Government be restricted from using any information derived from this examination for purposes other than addressing the competence of Defendant at the time of the alleged offense or his competence to stand trial.

(7) The psychiatrist or psychologist conducting the competency examination be ordered to forward a copy of his or her competency report to the Court and send copies of the same to Scott T. Wendelsdorf, Federal Defender, 200 Theatre Building, 629 South Fourth Avenue, Louisville, Kentucky 40202, and Alicia Gomez, Assistant United States Attorney, 717 West Broadway, Louisville, Kentucky 40202.

(8) Payment for services ordered be authorized pursuant to 18 U.S.C. §3006A(e) and 18 U.S.C. § 3006(f).

(9) The Court schedule a competency hearing pursuant to 18 U.S.C. § 4247(d) after receipt of the notification and report.

(10) The period of time necessary to conduct the examination ordered and any subsequent proceedings regarding Defendant's competency to stand trial be excluded pursuant to 18 U.S.C. §3161(h)(1)(A) in computing the time within which the trial of this case must commence.

June 6, 2025

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of record

## Notice

Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), the undersigned Magistrate Judge hereby files with the Court the instant findings and recommendations. A copy shall forthwith be electronically transmitted or mailed to all parties. 28 U.S.C. § 636(b)(1)(C). Within fourteen (14) days after being served, a party may serve and file specific written objections to these findings and recommendations. Fed. R. Civ. P. 72(b)(2). Failure to file and serve objections to these findings and recommendations constitutes a waiver of a party's right to appeal. *Id.; United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981); *see also Thomas v. Arn,* 474 U.S. 140 (1985).