UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Criminal Action No: 3:25-CR-083-CHB-CHL-1 |
| v. | ) |
| MARK FOSTER, JR., | ) **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Colin H. Lindsay, [R. 28]. The Report and Recommendation addresses Defendant Mark Foster, Jr.'s Motion of Defendant Foster for Hearing to Determine Mental Competency and Order Directing Psychiatric Exam, [R. 23].

Judge Lindsay recommends granting Defendant Foster's motion because his "first-hand observation of Defendant, information from the Oldham County Detention Center, and the difficulties the Federal Defender's Office has had in communicating with Defendant, have all provided [ ] grounds to find reasonable cause to believe Defendant suffers from a mental defect impacting his competence to understand the nature and consequences of the proceedings against him." [R. 28, p. 5 (citing *Drope v. Missouri*, 420 U.S. 162, 180 (1975))].

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). When no objections

- 1 -

are made, this Court is not required to "review . . . a magistrate[ judge's] factual or legal conclusions, under a *de novo* or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a magistrate judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

Judge Lindsay's Report and Recommendation advised the parties that any objections must be filed within fourteen (14) days. [R. 28, p. 7]. The United States filed a notice that it had no objection to Defendant's Motion nor the Report and Recommendation. [R. 29]. The time to file objections has passed, and Defendant has not filed any objections to the Report and Recommendation nor sought an extension of time to do so. *See id.*; Fed. R. Crim P. 59(b). Nevertheless, this Court has examined the record and agrees with the Magistrate Judge's Recommendation.

Accordingly, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation, [**R. 28**], is **ADOPTED** as the opinion of this Court.

As set forth in the Report and Recommendation, **IT IS FURTHER ORDERED** as follows:

(1) Motion of Defendant Foster for Hearing to Determine Mental Competency and Order Directing Psychiatric Exam, [**R. 23**], is **GRANTED**

(2) Defendant **SHALL** be committed to the custody of the Attorney General for a period **not to exceed thirty days** for placement in a suitable facility for psychiatric or psychological examination.

(3) The Attorney General is **DIRECTED** to cause a licensed or certified psychiatrist or

psychologist to conduct a psychiatric or psychological examination of Defendant to determine whether he was competent at the time of the alleged offenses and is currently competent to understand the proceedings and to assist in his own defense.

(4) Said licensed or certified psychiatrist or psychologist is **ORDERED** to prepare and file with the Court, Defense counsel, and the Government, a written report that includes the following information pursuant to 18 U.S.C. § 4247(c):

    a. Defendant's history and present symptoms, if any;

    b. A description of the psychiatric, psychological, and medical tests that were employed, and their results;

    c. The examiner's findings;

    d. The examiner's opinions as to diagnosis and prognosis;

    e. An opinion as to whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense;

    f. An opinion as to whether Defendant was suffering from a mental disease or defect rendering him mentally incompetent at the time of the alleged offenses; and

    g. Any recommendation as to how the mental condition of Defendant should affect sentencing should Defendant be convicted.

(5) The competency evaluation **SHALL** be restricted to addressing the question of whether Defendant was mentally incompetent at the time of the alleged offense or is currently suffering from a mental disease or defect rendering him mentally incompetent to stand

trial to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(6) The Government **SHALL** be restricted from using any information derived from this examination for purposes other than addressing the competence of Defendant at the time of the alleged offense or his competence to stand trial.

(7) The psychiatrist or psychologist conducting the competency examination is **ORDERED** to forward a copy of his or her competency report to the Court and send copies of the same to Scott T. Wendelsdorf, Federal Defender, 200 Theatre Building, 629 South Fourth Avenue, Louisville, Kentucky 40202, and Alicia Gomez, Assistant United States Attorney, 717 West Broadway, Louisville, Kentucky 40202.

(8) Payment for services ordered is **AUTHORIZED** pursuant to 18 U.S.C. § 3006A(e) and 18 U.S.C. § 3006A(f).

(9) The Court will schedule a competency hearing pursuant to 18 U.S.C. § 4247(d) after receipt of the notification and report.

(10) The period of time necessary to conduct the examination ordered and any subsequent proceedings regarding Defendant's competency to stand trial **SHALL** be excluded pursuant to 18 U.S.C. § 3161(h)(1)(A) in computing the time within which the trial of this case must commence.

This the 8th day of July 2025



CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY

cc: Counsel of Record